# IN THE U.S. DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **TED COPLAND,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NUMBER:** |
| | ) |
| | )   _____ |
| **FIRST STEP GROUP, LLC;** | ) |
| **CACH LLC,** | )   **JURY TRIAL DEMANDED** |
| | ) |
|     **Defendants.** | ) |

## COMPLAINT

Plaintiff Ted Copland ("Copland") files this complaint against Cach LLC and First Step Group, LLC and Cach, LLC (collectively "Defendants"), for violation of the Fair Debt Collection Practices Act. In support thereof, Copland alleges as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Copland is a natural person residing in Calhoun County, Alabama.

2. Defendant First Step Group, Inc. ("First Step") is a Minnesota Limited Liability Company with its principal place of business at 6300 Shingle Creek Parkway, Suite 220, Brooklyn Center, Minnesota 55430.

3. Defendant Cach LLC ("Cach") is a Colorado Limited Liability Company with its principal place of business at 4340 Monaco Street, 2nd Floor, Denver, Colorado 80237.

4. This Court has subject matter jurisdiction over this case under 28 U.S.C. §1331 because it arises under a federal statute, 15 U.S.C. §1692k. The Court has supplemental jurisdiction over Copland's state law claims pursuant to 28 U.S.C. §1367(a).

5. This Court has personal jurisdiction over the Defendants because (1) the events that are the basis of this lawsuit occurred in Alabama and because (2) the Defendants regularly conducts business in the state of Alabama.

6. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

7. Copland is a "consumer" within the meaning of that term under 15 U.S.C. §1692a(3).

8. The Defendants are "debt collectors" within the meaning of that term under 15 U.S.C. §1692a(6). The Defendants are engaged in the business of purchasing charged off debts incurred, or alleged to be incurred, for personal,

family or household purposes from the original creditor of the account and then initiating collection activities on those accounts.

9. On information and belief, the Defendants are alter egos. Defendant Cach purchases and takes assignment of charged-off consumer debts from various financial institutions such as Bank of America and then attempting to collect on those debts. Defendant First Step is a wholly owned subsidiary of Cach that acts as a collection arm for Cach.

10. In or around October of 2010, Cach filed a collection action against Copland in the District Court of Calhoun County, Alabama. In its complaint, Cach claimed that Copland owed it $9,281.68 based on an account that Copland opened with MBNA.

11. Copland answered and counterclaimed against Cach for, among other things, violation of the Alabama Consumer Credit Act and the Fair Debt Collection Practices Act, based on Cach's imposition of unlawful over the limit fees.

12. Cach subsequently lost its collection case to Copland in the District Court. Cach then filed an appeal to the Calhoun County Circuit Court.

13. On May 13, 2014, Cach dismissed its lawsuit against Copland with prejudice.

14. Cach's dismissal of its claims against Copland with prejudice constitutes an adjudication on the merits that Copland does not owe the debt to Cach.

15. On December 14, 2014, First Step, acting as agent for Cach LLC, initiated collection efforts against Copland based on the same MBNA account that was the basis of Cach's 2010 lawsuit against him. Ex. A [December 4, 2014 Letter from First Step to Copland].

16. Not only are the Defendants still trying to collect the same debt that they previously sued Copland over and lost, but the Defendants now claim that Copland owes $12,494.57. The Defendants' collection letter does not explain how, now that it has dismissed its collection suit with prejudice, the amount allegedly owed by Copland has increased by over $4,000.

17. The Defendants actions are an attempt to collect a debt that is not due and which they know is not due.

18. The Defendants have falsely represented that a debt is owed.

19. The Defendants have improperly added fees, interest, and/or other charges that are not authorized by the contract or law.

20. The Defendants wrongfully induced Copland to dismiss his counterclaims against Cach by falsely representing or implying that it would cease its collection efforts against him if he agreed to the dismissal.

21.    Copland has been damaged as a result of the Defendants' wrongful acts and omissions described above.  Those damages include, but are not limited to, the invasion and interference with Copland's right to be free from abusive debt collection practices, causing Copland distress, annoyance, aggravation, and other mental disturbance based on their continued collection efforts, and various costs and expenses incurred as a result of or in response to their wrongful acts.

22.    At all times pertinent to the allegations of this Complaint, Defendants acted by and through their duly authorized agents, employers, servants attorneys, or other legal representatives, all of whom acted within the line and scope of such agency, employment, service, or representative capacity.  Alternatively, the Defendants adopted, affirmed, and /or ratified the acts or omissions of their agents, servants, employees, attorneys, or legal representatives as their own with regard to the allegations of this complaint.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *ET SEQ*.
### [DEFENDANTS FUNDING]

23.    Defendants used deceptive conduct and/or representations in an attempt to collect a purported debt from Copland.  The Defendants' deceptive conduct includes, but is not limited to: (1) attempting to collect on a debt after dismissing its collection suit on that debt with prejudice, (2) falsely representing

that Copland "owe[s]" a debt to Cach when no such debt is owed, and/or (3) falsely representing the amount of the debt by adding interest, fees, or other wrongful charges.

24. On information and belief, the Defendants have a pattern and practice of attempting to collect amounts that are not due, including on accounts originally purchased from MBNA.

25. The Defendants' conduct identified above violated the applicable provisions of the FDCPA, including 15 U.S.C. §1692e(2)(A) and 15 U.S.C. 1692e(10).

26. The Defendants used unfair and/or unconscionable means in an attempt to collect a debt from Copland, including, but not limited to: (1) continuing to pursue Copland over an alleged debt after dismissing its claim against him with prejudice, (2) tricking Copland into dismissing his claims against Cach with prejudice by falsely representing or implying that it would cease its collection efforts against him in exchange, and/or (3) seeking to collect interest and/or other amounts that are not authorized by the contract and/or applicable law.

27. The Defendants have a pattern of practice of committing the violations described above, including attempts to collect interest and/or other amounts that re not authorized by the agreement and/or applicable law.

28. Defendants' conduct identified above violated the applicable provisions of the FDCPA, including 15 U.S.C. §1692f.

29. Defendants' violations detailed above were done intentionally and with knowledge.

30. As a result of Defendants' violations of the FDCPA, Copland has been damaged. Copland is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fee pursuant to the relevant provisions of the FDCPA.

WHEREFORE, Copland demands judgment against Defendants awarding the following relief:

A. Actual, compensatory and consequential damages, including mental anguish damages, in such an amount as the trier of fact determines;

B. Statutory damages pursuant to 15 U.S.C. §1692 *et seq.*;

C. Punitive damages in such amount as the trier of fact determines;

D. Such interest as allowed by law;

E. The costs of this suit, including plaintiff's reasonable attorney's fee; and,

F. Such additional relief as the Court deems just and equitable.

> Respectfully submitted,
>
> */s/ Matt Carroll*
> One of the Attorneys for Plaintiff,
> Ted Copland

**OF COUNSEL:**

F. Inge Johnstone
Matt Carroll
JOHNSTONE CARROLL LLC
One Independence Plaza Drive, Suite 520
Homewood, Alabama 35209
Telephone:  205-383-1372

## JURY DEMAND

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY FOR ALL CLAIMS SO TRIABLE.

                                              */s/ Matt Carroll*
                                              One of the Attorneys for Plaintiff,
                                              Chad Coleman