# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **TED COPLAND,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.:  1:15-CV-1209-VEH |
| | ) |
| **FIRST STEP GROUP, LLC and** | ) |
| **CACH LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## **ORDER**

Pending before the court is Plaintiff's Notice of Dismissal (Doc. 9) (the "Notice") filed on September 9, 2015, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. The Notice apprises the court of Plaintiff's "voluntary dismissal of this action, with prejudice . . . ." (*Id.* at 1).

Pursuant to Rule 41(a)(1)(A)(i), "the plaintiff may dismiss an action without a court order by filing:  (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." As the undersigned's check of CM/ECF confirms, no opposing party has served an answer or a motion for summary judgment. Therefore, consistent with the self-effectuating terms of

Plaintiff's Notice,[1] this case is **HEREBY DISMISSED WITH PREJUDICE**.[2]

**DONE** and **ORDERED** this 14th day of September, 2015.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge

---

[1] *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam) (explaining that a notice of dismissal under Rule 41(a)(1)(A)(i) "is effective immediately upon filing"); *cf. Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) ("[W]e find that the plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective.").

[2] Despite the self-effectuating legal nature of a Rule 41(a)(1)(A)(i) voluntary dismissal, the clerk's office of this court routinely requires a written order to "administratively close" the case on CM/ECF.